IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-844-S-BN |
| | § | |
| CHRISTOPHER LAUREN GRAHAM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In a state court in Travis County, Texas, Plaintiff the State of Texas filed a petition against Defendant Christopher Lauren Graham, to compel Graham to comply with an order of the Texas Ethics Commission ("TEC"), assessing monetary penalties against Graham for late filing or non-filing of reports with the TEC. *See* Dkt. No. 3 at 7-10.

Graham answered in state court and asserted a counterclaim under the United States Constitution. *See id.* at 11-12. Graham then removed the lawsuit to this Court based on that counterclaim. *See id.* at 1.

The presiding United States district judge referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction, this lawsuit should be *sua sponte* remanded to the state court from which it was removed.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

The removing defendant "must 'file in the district court of the United States for the district and division within which such action is pending a notice of removal.'" *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (cleaned up; quoting 28 U.S.C. § 1446(a)).

So the general venue statute, 28 U.S.C. § 1391, "has no application to a removed action. [Instead, v]enue of removed actions is governed by 28 U.S.C. § 1441(a)." *Mello Hielo Ice, Ltd. v. Ice Cold Vending, LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *6 (N.D. Tex. Jan. 11, 2012) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)); *accord Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2012) (per curiam).

Under these standards, Graham should have removed this action to the Austin Division of the Western District of Texas, the district and division in which Travis County is located. *See* 28 U.S.C. § 124(d)(1). So, for this reason alone, removal to this Court was improper.

But "[r]emoval may be improper … for jurisdictional or procedural reasons." *Hinkey v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996)). "Jurisdictional defects require remand to state court," but "procedural defects require the action's being remanded to state court only

if plaintiff files a motion to remand 'within 30 days after the filing of the notice of removal under section 1446(a).'" *Id.* (quoting 28 U.S.C. § 1447(c); citation omitted).

"Otherwise, plaintiff waives any objection to the procedural defect, and the action proceeds in federal court, even though removal was procedurally improper." *Id.* (citing *Resolution Tr. Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128, 131 (5th Cir. 1991)).

"[R]emoval to the incorrect judicial district is procedural error and does not divest the district court of jurisdiction over a removed action." *Id.* at 550. *Cf. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996) (removal to the incorrect division of the correct judicial district is also procedural error).

But remand is required here because Graham's basis for removal – the assertion of a counterclaim under federal law – does not provide for federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *cf. Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather,

> [w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (cleaned up).

Like here, there is therefore "generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

And the Court is required to *sua sponte* remand this case to state court under Section 1447(c) – which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original). *Cf. Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023) ("Either the federal courts have subject matter jurisdiction, and the plaintiffs' claims can be adjudicated; or there is no federal jurisdiction, and the suit must be remanded to state court. Federal jurisdiction is not a game of whack-a-mole.").

## Recommendation

Because the party invoking the Court's jurisdiction through removal has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Travis County, Texas state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 9, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE